UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

DRH MINISTRIES, INC.

Case No.: 3:12-bk-1395-PMG

Debtor(s)                                    Chapter 11

_____/

## DISCLOSURE STATEMENT

## I. INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the chapter 11 case of DRH MINISTRIES, INC. (the Debtor). The Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by the Debtor. A full copy of the Plan is attached to the Disclosure Statement as Exhibit A. *Your rights may be affected. You should read the Plan and the Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Plan are discussed at pages 5 - 8 of the Disclosure Statement. [General unsecured creditors are classified in Class 11, and will receive an estimated distribution of 3% of their allowed claims, to be distributed as follows: Pro rata distribution over 60 months.]

### A. **Purpose of This Document**

This Disclosure Statement describes:
1.    The Debtor and significant events during the bankruptcy case,
2.    How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),
3.    Who can vote on or object to the Plan,
4.    What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
5.    Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
6.    The effect of confirmation of the Plan.
Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

### B. **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

1. *Time and Place of the Hearing to [Finally Approve This Disclosure Statement and] Confirm the Plan*

The hearing at which the Court will determine whether to [finally approve this Disclosure Statement and] confirm the Plan will take place before the Honorable Paul M. Glenn, United States Bankruptcy Judge, on _____, at _____ in Courtroom 4A, at the United States Court House, 300 North Hogan St., Jacksonville, FL 32201.

2. *Deadline For Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to United States Bankruptcy Clerk, 300 North Hogan St., 3rd Floor, Jacksonville, FL 32201. The Court is also allowing electronic filing of ballots at www.flmb.uscourts.gov. See section IV.A. below for a discussion of voting eligibility requirements.
Your ballot must be received by _____ or it will not be counted.

3. *Deadline For Objecting to the [Adequacy of Disclosure and] Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon all interested parties by _____.

4. *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Bryan K. Mickler, Attorney for Debtor, 5452 Arlington Exp., Jacksonville, FL 32211.

## II. BACKGROUND

### A. Description and History of the Debtor's Business

The Debtor is a religious organization formed as a Florida non-profit corporation in November 2008. Debtor's principal asset is the real property located at 211 Bay St, Daytona Beach FL. A related entity, Master's Domain Church of God, Inc., operates a church at the real property located at 211 Bay St., Daytona Beach FL. DRH and related non-profit companies are involved in various ministries, including but not limited to evangelism, prison outreach, feeding and clothing programs, drug rehabilitation, and juvenile programs.

B. **Insiders of the Debtor**

Derrick R. Harris, President

C. **Management of the Debtor Before and During the Bankruptcy**

Derrick R. Harris, President

D. **Events Leading to Chapter 11 Filing**

The Debtor acquired the real property at 211 Bay Street on June 30, 2010. Debtor executed a mortgage in favor of Pinnacle Bank and granting the bank a security interest in the 211 Bay Street property as well as Debtor's real property located at 918 Orange Ave, Daytona Beach and 519 Washington St., New Smyrna Beach, as well as several other parcels of land in Daytona Beach FL.

Pinnacle Bank filed a foreclosure action in the 7th Judicial Circuit Court in and for Volusia County FL. The Debtor filed this Chapter 11 case to restructure the mortgage to Pinnacle Bank and a mortgage to Robert J. Schott, an individual.

E. **Significant Events During the Bankruptcy Case**

The Court has approved Mickler & Mickler as attorneys for the estate. The Court has authorized the Debtor's use of cash collateral based upon the Debtor's agreement with Pinnacle Bank.

F. **Projected Recovery of Avoidable Transfers**

The Debtors do not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

G. **Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtors reserve the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

H. **Current and Historical Financial Conditions**

The identity and fair market value of the estate's assets are listed in Exhibit B.

The Debtors' most recent financial statements [if any] issued before bankruptcy, each of which was filed with the Court, are set forth in Exhibit C.

3

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in Exhibit D.

## III. SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

1. *Administrative Expenses*
Administrative expenses are costs or expenses of administering the Debtors' chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtors in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtors' estimated administrative expenses, and their proposed treatment under the Plan:

**Type** Debtor Attorney Professional Fees, as approved by the Court.
**Estimate $12,000.00**
**Amount Owed $8,046.00**
**Proposed Treatment**
Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan.


**Type** Office of the U.S. Trustee Fees
**Estimated $1,000.00**
**Amount Owed $1,000.00**
**Proposed Treatment**
Paid in full on the effective date of the Plan.

4

TOTAL: $9,046.00

2. *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

IRS – Amended Proof of Claim #5 - $0.00

## C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

1. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

## SECURED CLAIMS – Impaired/Subject to Valuation and retention of lien:

| Class: | Creditor: | Collateral: | Interest Rate: | Amount Allowed: | Payment: |
|---|---|---|---|---|---|
| 2 | Pinnacle Bank 1113 Saxon Blvd, Orange City, FL 32763 Acct No.: | First Mortgage on property located at: 519 Washington St., New Smyrna Beach FL 32168; 211 Bay Street, Daytona Beach FL 32114; 918 Orange Ave., Daytona Beach FL 32114; and | 4% | $1,326,511.00 | Interest only payments of $4,421.70 per month for months 1-24; thereafter principal and interest payments of $6,332.97 per month (30 year |

|   |   | Two parcels at 910 Orange Avenue, Daytona Beach FL 32114 (POC #9) |   |   | amortization) for months 25-119 and the remaining principal balance paid in month 120 |
|---|---|---|---|---|---|
| 3 | Pinnacle Bank 1113 Saxon Blvd Orange City, FL 32763 Acct No.: | Second Mortgage on property located at: 211 Bay Street, Daytona Beach, FL 32114 | N/A | $0.00 | Wholly Unsecured 2nd Mortgage paid in the Unsecured Class below |

**SECURED CLAIMS – Impaired/Not Subject to Valuation with retention of lien:**

| Class: | Creditors: | Collateral: | Interest Rate: | Amount Allowed: | Payments: |
|---|---|---|---|---|---|
| 4 | Robert J. Schott 18011 Bowie Mill Road Derwood, MD 20855 Acct No.: | First Mortgage on property located at: Orange Avenue, Daytona Beach – Parcel #39-15-32-03-11-02 60 & Parcel #39-15-32-03-11-00 60 | 4% | $30,000.00 | $143.22 principal and interest per month for months 1-360 |
| 5 | Volusia County Tax Collector 123 W Indiana Ave, #103 Deland FL 32720 Acct No.: 744130030036 | Non-Ad Valorem Taxes on 519 Washington St, New Smyrna Beach FL 32168 (POC #1) | 18% | $60 | Paid in full twenty (20) days from effective date of the Plan |
| 6 | Volusia County Tax Collector 123 W. Indiana Ave, #103 Deland FL 32720 Acct No.: 523903110250 | Ad Valorem Taxes on 918 Orange Ave, Daytona Beach, FL 32114 (POC #2) | 18% | $1,807.96 | $45.91 per month for months 1-60 |
| 7 | Volusia County Tax Collector | Ad Valorem Taxes on 211 Bay St, | N/A | $0.00 | Claim #3 amended to |

| | | | | | |
|---|---|---|---|---|---|
| | 123 W Indiana Ave, #102 Deland FL 32720 Acct No.: 533901080060 | Daytona Beach, FL 3 (POC #3) | | | $0.00 as a result of exempt status |
| 8 | Volusia County Tax Collector 123 W Indiana Ave, #102 Deland FL 32720 Acct No.: 533901080060148 A | Ad Valorem Taxes on 211 Bay St, Daytona Beach, FL 3 (POC #4) | 18% | $1,093.68 | $27.77 per month for months 1-60 |
| 9 | Pender Newkirk Cust TC Tampa 1, LLC PO Box 172299 Tampa FL 33672 Acct No.: 17571 | Tax Certificate for 2010 tax year on 519 Washington St, New Smyrna Beach FL 32168 (POC #7) | 15% | $99.50 | Paid in full twenty (20) days from effective date of the Plan |
| 10 | Catalina Tax Co, LLC PO Box 645040 Cincinatti, OH 45264-5040 Acct No.: 1545 | Tax Certificate for 2010 tax year on 918 Orange Ave, Daytona Beach FL 32114 (POC #8) | 18% | $2,113.89 | $53.68 per month for months 1-60 |

## 2. *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment. The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

None

## 3. *Class[es] of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 24, which contains general unsecured claims against the Debtor:

**UNSECURED CLAIMS:    IMPAIRED**

| Class: | Creditors: | Payments: |
|---|---|---|
| 11 | All General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506. | $350.00 per month for sixty (60) months. Pro rata distribution to general unsecured creditors, including unsecured claims resulting from valuation of secured claims treated above. |

*4. Class[es] of Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of equity interest holders:

**Equity Interests:**

| Class: | Equity Holders: | Payments: |
|---|---|---|
| 12 | No Equity Holders as Debtor is a Non-Profit Organization | N/A |

D. **Means of Implementing the Plan**

*1. Source of Payments*

Payments and distributions under the Plan will be funded by the following:

Rental Income from real property owned by Debtor.

*2. Post-confirmation Management*

The Post-Confirmation Managers of the Debtor, and their compensation, shall be as follows:

Derrick R. Harris, President
No compensation.

E. **Risk Factors**

The proposed Plan has the following risks:

8

Risk of default by debtor due to non-payment of rents by tenants. This risk is equal to or less than risk of default outside of the Chapter 11 case since the property payments are being lowered by the Chapter 11 plan and occupancy rates are expected to remain stable or increase since filing.

## F. Executory Contracts and Unexpired Leases

The Plan, in Exhibit 5.1, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of type that must be cured under the Code, if any. Exhibit 5.1 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults. If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Exhibit 5.1 will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

## G. Tax Consequences of Plan

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.*

The following are the anticipated tax consequences of the Plan:

N/A - The Debtor is non-profit organization exempt from filing federal tax returns.  Debtor is not anticipating any tax consequences from the plan due to the filing under Title 11 of the US Code. To the extent that any debt is alleged to have been forgiven by a creditor, the Debtor shall file a Form 982 with IRS to extinguish such taxable income.

## IV. CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to

9

accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

## A. **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

1. *What Is an Allowed Claim or an Allowed Equity Interest?*
Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or un-liquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

2. *What Is an Impaired Claim or Impaired Equity Interest?*
As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3. *Who is **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:
- holders of claims and equity interests that have been disallowed by an order of the Court;
- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.
- holders of claims or equity interests in unimpaired classes;
- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of

the Code; and
- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;
- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan [and to the Adequacy of the Disclosure Statement].***

4. *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B. **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by cram down on non-accepting classes, as discussed later in Section B.2.

1. *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2. *Treatment of Non-accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a cram down plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cramdown confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

11

### C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 Liquidation. A liquidation analysis is attached to this Disclosure Statement as Exhibit E.

### D. Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

#### 1. *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as Exhibit F.

#### 2. *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. The Plan Proponent has provided projected financial information. Those projections are listed in Exhibit G.

***You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.***

### V. EFFECT OF CONFIRMATION OF PLAN

### A. DISCHARGE OF DEBTOR

Discharge. On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Pan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

### B. Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However,

the Court may require a new disclosure statement and/or revoting on the Plan. The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

## C. **Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

## VI. OTHER PLAN PROVISIONS

Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

Dated this ___10___ day of July, 2012.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this ___10___ day of July, 2012.

Law Offices of Mickler & Mickler

By:_____
TAYLOR J. KING
Florida Bar No. 72049
Attorneys for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725.0822 / FAX: 725.0855
tjking@planlaw.com

13

## EXHIBITS ATTACHED

**Exhibit A** Copy of Proposed Plan of Reorganization
**Exhibit B** Identity and Value of Material Assets of Debtor
**Exhibit C** Prepetition Financial Statements
**Exhibit D** Most Recently Filed Postpetition Operating Report
**Exhibit E** Liquidation Analysis
**Exhibit F** Cash on hand on the effective date of the Plan
**Exhibit G** Projections of Cash Flow and Earnings for Post-Confirmation Period

**Exhibit A** Copy of Proposed Plan of Reorganization

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

        DRH MINISTRIES, INC.

|  |  |
|---|---|
| Debtor(s) | Case No.: 3:12-bk-1395-PMG<br>Chapter 11 |

_____/

# PLAN OF REORGANIZATION

Dated: July 10, 2012

Taylor J. King
Law Offices of Mickler & Mickler
Attorneys for Debtor-in-Possession
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
Florida Bar No. 072049
tjking@planlaw.com

1

# ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtors from future income of the Debtors derived from rental income generated from the real property that the Debtor owns.

This Plan provides for 9 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 3 cent(s) on the dollar.

This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**PRIORITY CLAIMS: Not Impaired**

| Classes: | Creditor: | Interest: | Allowed Amount: | Payment: |
|---|---|---|---|---|
| 1 | Internal Revenue Service<br>400 W. Bay Street<br>M/S 5720<br>Jacksonville, FL 32202 | 4% | $0.00   (Amended POC #5) | $0.00 |

2

| | Acct No.: xxx-xx-2332 | | | |
|---|---|---|---|---|
| | | | | |

**SECURED CLAIMS – Impaired/Subject to Valuation and retention of lien:**

| Class: | Creditor: | Collateral: | Interest Rate: | Amount Allowed: | Payment: |
|---|---|---|---|---|---|
| 2 | Pinnacle Bank 1113 Saxon Blvd, Orange City, FL 32763 Acct No.: | First Mortgage on property located at: 519 Washington St., New Smyrna Beach FL 32168; 211 Bay Street, Daytona Beach FL 32114; 918 Orange Ave., Daytona Beach FL 32114; and Two parcels at 910 Orange Avenue, Daytona Beach FL 32114 (POC #9) | 4% | $1,326,511.00 | Interest only payments of $4,421.70 per month for months 1-24; thereafter principal and interest payments of $6,332.97 per month (30 year amortization) for months 25-83 and the remaining principal balance paid in month 84 |
| 3 | Pinnacle Bank 1113 Saxon Blvd Orange City, FL 32763 Acct No.: | Second Mortgage on property located at: 211 Bay Street, Daytona Beach, FL 32114 | N/A | $0.00 | Wholly Unsecured 2nd Mortgage paid in the Unsecured Class below |

**SECURED CLAIMS – Impaired/Not Subject to Valuation with retention of lien:**

| Class: | Creditors: | Collateral: | Interest Rate: | Amount Allowed: | Payments: |
|---|---|---|---|---|---|
| 4 | Robert J. Schott 18011 Bowie Mill Road Derwood, MD 20855 Acct No.: | First Mortgage on property located at: Orange Avenue, Daytona Beach – Parcel #39-15-32-03-11-0260 & Parcel | 4% | $30,000.00 | $143.22 principal and interest per month for months 1-360 |

3

| | | #39-15-32-03-11-0060 | | | |
|---|---|---|---|---|---|
| 5 | Volusia County Tax Collector 123 W Indiana Ave, #103 Deland FL 32720 Acct No.: 744130030036 | Non-Ad Valorem Taxes on 519 Washington St, New Smyrna Beach FL 32168 (POC #1) | 18% | $60 | Paid in full twenty (20) days from effective date of the Plan |
| 6 | Volusia County Tax Collector 123 W. Indiana Ave, #103 Deland FL 32720 Acct No.: 523903110250 | Ad Valorem Taxes on 918 Orange Ave, Daytona Beach, FL 32114 (POC #2) | 18% | $1,807.96 | $45.91 per month for months 1-60 |
| 7 | Volusia County Tax Collector 123 W Indiana Ave, #102 Deland FL 32720 Acct No.: 533901080060 | Ad Valorem Taxes on 211 Bay St, Daytona Beach, FL 3 (POC #3) | N/A | $0.00 | Claim #3 amended to $0.00 as a result of exempt status |
| 8 | Volusia County Tax Collector 123 W Indiana Ave, #102 Deland FL 32720 Acct No.: 533901080060148 A | Ad Valorem Taxes on 211 Bay St, Daytona Beach, FL 3 (POC #4) | 18% | $1,093.68 | $27.77 per month for months 1-60 |
| 9 | Pender Newkirk Cust TC Tampa 1, LLC PO Box 172299 Tampa FL 33672 Acct No.: 17571 | Tax Certificate for 2010 tax year on 519 Washington St, New Smyrna Beach FL 32168 (POC #7) | 15% | $99.50 | Paid in full twenty (20) days from effective date of the Plan |
| 10 | Catalina Tax Co, | Tax Certificate for | 18% | $2,113.89 | $53.68 per |

| | LLC<br>PO Box 645040<br>Cincinatti, OH<br>45264-5040<br>Acct No.: 1545 | 2010 tax year on 918<br>Orange      Ave,<br>Daytona  Beach  FL<br>32114<br>(POC #8) | | | month for<br>months 1-60 |
|---|---|---|---|---|---|

**PROPERTY TO BE SURRENDERED (Full Satisfaction of Claim)/Impaired:**

| Class: | Creditors: | Payments: |
|---|---|---|
| | | |

**UNSECURED CLAIMS:  IMPAIRED**

| Class: | Creditors: | Payments: |
|---|---|---|
| 11 | All General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506. | $350.00 per month for sixty (60)    months.    Pro    rata distribution    to    general unsecured creditors, including unsecured    claims    resulting from   valuation   of   secured claims treated above. |

**Equity Interests:**

| Class: | Equity Holders: | Payments: |
|---|---|---|
| 12 | None – Non-Profit Organization | N/A |

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed

5

under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

Class Impairment Treatment

### PRIORITY CLAIMS: Not Impaired

| Classes: | Creditor: | Interest: | Allowed Amount: | Payment: |
|---|---|---|---|---|
| 1 | Internal Revenue Service<br>400 W. Bay Street<br>M/S 5720<br>Jacksonville, FL 32202<br>Acct No.: xxx-xx-2332 | 4% | $0.00        (Amended POC #5) | $0.00 |
| | | | | |

### SECURED CLAIMS – Impaired/Subject to Valuation and retention of lien:

| Class: | Creditor: | Collateral: | Interest Rate: | Amount Allowed: | Payment: |
|---|---|---|---|---|---|

| 2 | Pinnacle Bank 1113 Saxon Blvd, Orange City, FL 32763 Acct No.: | First Mortgage on property located at: 519 Washington St., New Smyrna Beach FL 32168; 211 Bay Street, Daytona Beach FL 32114; 918 Orange Ave., Daytona Beach FL 32114; and Two parcels at 910 Orange Avenue, Daytona Beach FL 32114 (POC #9) | 4% | $1,326,511.00 | Interest only payments of $4,421.70 per month for months 1-24; thereafter principal and interest payments of $6,332.97 per month (30 year amortization) for months 25-83 and the remaining principal balance paid in month 84 |
| 3 | Pinnacle Bank 1113 Saxon Blvd Orange City, FL 32763 Acct No.: | Second Mortgage on property located at: 211 Bay Street, Daytona Beach, FL 32114 | N/A | $0.00 | Wholly Unsecured 2nd Mortgage paid in the Unsecured Class below |

**SECURED CLAIMS – Impaired/Not Subject to Valuation with retention of lien:**

| Class: | Creditors: | Collateral: | Interest Rate: | Amount Allowed: | Payments: |
|---|---|---|---|---|---|
| 4 | Robert J. Schott 18011 Bowie Mill Road Derwood, MD 20855 Acct No.: | First Mortgage on property located at: Orange Avenue, Daytona Beach – Parcel #39-15-32-03-11-0260 & Parcel #39-15-32-03-11-0060 | 4% | $30,000.00 | $143.22 principal and interest per month for months 1-360 |
| 5 | Volusia County Tax Collector 123 W Indiana Ave, #103 Deland FL 32720 | Non-Ad Valorem Taxes on 519 Washington St, New Smyrna Beach FL 32168 | 18% | $60 | Paid in full twenty (20) days from effective date of the Plan |

| | | | | | |
|---|---|---|---|---|---|
| | Acct        No.: 744130030036 | (POC #1) | | | |
| 6 | Volusia    County Tax Collector 123  W.   Indiana Ave, #103 Deland FL 32720 Acct        No.: 523903110250 | Ad Valorem Taxes on 918 Orange Ave, Daytona Beach, FL 32114 (POC #2) | 18% | $1,807.96 | $45.91 per month for months 1-60 |
| 7 | Volusia    County Tax Collector 123  W   Indiana Ave, #102 Deland FL 32720 Acct        No.: 533901080060 | Ad Valorem Taxes on 211 Bay St, Daytona Beach, FL 3 (POC #3) | N/A | $0.00 | Claim #3 amended to $0.00 as a result of exempt status |
| 8 | Volusia    County Tax Collector 123  W   Indiana Ave, #102 Deland FL 32720 Acct        No.: 533901080060148 A | Ad Valorem Taxes on 211 Bay St, Daytona Beach, FL 3 (POC #4) | 18% | $1,093.68 | $27.77 per month for months 1-60 |
| 9 | Pender Newkirk Cust TC Tampa 1, LLC PO Box 172299 Tampa FL 33672 Acct No.: 17571 | Tax Certificate for 2010 tax year on 519 Washington St, New Smyrna Beach FL 32168 (POC #7) | 15% | $99.50 | Paid in full twenty (20) days from effective date of the Plan |
| 10 | Catalina Tax Co, LLC PO Box 645040 Cincinatti, OH 45264-5040 Acct No.: 1545 | Tax Certificate for 2010 tax year on 918 Orange    Ave, Daytona Beach FL 32114 (POC #8) | 18% | $2,113.89 | $53.68 per month for months 1-60 |

**PROPERTY TO BE SURRENDERED (Full Satisfaction of Claim)/Impaired:**

8

| Class: | Creditors: | Payments: |
|--------|-----------|-----------|
|        |           |           |

**UNSECURED CLAIMS:  IMPAIRED**

| Class: | Creditors: | Payments: |
|--------|-----------|-----------|
| 11 | All General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506. | $350.00 per month for sixty (60) months. Pro rata distribution to general unsecured creditors, including unsecured claims resulting from valuation of secured claims treated above. |

**Equity Interests:**

| Class: | Equity Holders: | Payments: |
|--------|----------------|-----------|
| 12 | None – Non-Profit Organization | N/A |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

9

Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

1.     Leases between debtor and all tenants currently renting properties on the confirmation date.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A

7.02 Effective Date of Plan. The effective date of the Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no

10

stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE VIII

## DISCHARGE

8.01. Discharge. On the confirmation date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by the Plan; (ii) of a kind specified in § 1141(d)(1)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

11

## ARTICLE IX

## OTHER PROVISIONS

9.01 Payments to the various Classes under this Plan of Reorganization shall commence twenty

(20) days after the date that the Plan of Reorganization becomes final and non-appealable unless

otherwise specifically stated with respect to treatment of each particular class.

Dated this __10__ day of July, 2012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United

States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as

listed on the court's matrix, by CM/ECF filing this __10__ day of July, 2012.

Law Offices of Mickler & Mickler

By:_____
TAYLOR J. KING
Florida Bar No. 072049
Attorney for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725-0822/FAX 725.0855
tjking@planlaw.com

12

**Exhibit B** Identity and Value of Material Assets of Debtor

**Real Property:**

See Attached Schedule A

**Personal Property:**

See Attached Schedule B

B6A (Official Form 6A) (12/07)

In re    **DRH MINISTRIES INC.**                   ,         Case No. _____

                                      Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

   **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

   If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 918 Orange Avenue, Daytona Beach FL 32114 - Parcel #39-15-32-03-11-0250 | Fee simple | - | 150,673.00 | 0.00 |
| 211 Bay Street, Daytona Beach, FL | Fee simple | - | 1,081,179.00 | 1,569,539.09 |
| 519 Washington Street, New Smyrna Beach, FL | Fee simple | - | 56,159.00 | 0.00 |
| 910 Orange Ave, Daytona Beach FL 32114 - Parcel #39-15-32-03-11-0260 | Fee simple | - | 19,250.00 | 1,569,539.09 |
| 910 Orange Ave, Daytona Beach FL 32114 - Parcel #39-15-32-03-11-0250 | Fee simple | - | 19,250.00 | 1,569,359.09 |
| 910 Orange Ave, Daytona Beach FL 32114 - Parcel #39-15-32-03-11-0230 | Fee simple | - | 19,250.00 | 1,569,539.09 |
| 910 Orange Ave, Daytona Beach FL 32114 - Parcel #39-15-32-03-11-0240 | Fee simple | - | 19,250.00 | 1,569,539.09 |

|  | Sub-Total > | 1,365,011.00 | (Total of this page) |
|---|---|---|---|
| **0** continuation sheets attached to the Schedule of Real Property | Total > | 1,365,011.00 | |
|  |  | (Report also on Summary of Schedules) | |

B6B (Official Form 6B) (12/07)

In re   **DRH MINISTRIES INC.**                                           Case No. _____
_____,
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **none - cash and bank accounts held in name of operating company** | - | 0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **none - cash and bank accounts held in name of operating company** | - | 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Old Dominion - fire and general liability** | - | 0.00 |
| | | **Citizens Insurance - wind and flood policy** | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | 0.00 |
|---|---|---|
|  | (Total of this page) | |

  **2**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

3/02/12  4:16PM

B6B (Official Form 6B) (12/07) - Cont.

In re    **DRH MINISTRIES INC.**                                    Case No. _____
                                                                    ,
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                        Sub-Total >          **0.00**
                                                      (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

3/02/12  4:16PM

B6B (Official Form 6B) (12/07) - Cont.

In re   **DRH MINISTRIES INC.**                                              Case No. _____
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Fixtures - Two Deep Freezers, Gas Stove, Refrigerator | - | 35,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >   (Total of this page) | 35,000.00 |
|---|---|---|
|  | Total > | 35,000.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**Exhibit C** Prepetition Financial Statements

None Issued

**Exhibit D** Most Recently Filed Postpetition Operating Report

To be included in supplemental filing

**Exhibit E** Liquidation Analysis

See Attached.

# LIQUIDATION ANALYSIS

|  | Value | Liens | Net Equity |
|---|---|---|---|
| **Schedule A - Real Property** | $1,365,011 | $1,569,539 | $0.00 |
|  |  |  | $0.00 |
| **Schedule B - Personal Property** | $35,000 | $0 | $35,000.00 |
|  |  |  |  |
|  |  | **Total Equity in Assets** | $35,000.00 |
|  |  |  |  |
|  |  | Less Priority Claims | $0.00 |
|  |  | Ch. 11 Admin Claims | $9,046.00 |
|  |  | Less Ch. 7 Admin Fee | $6,488.50 |
|  |  |  |  |
|  |  | **Liquidation Value** | $19,465.50 |
|  |  |  |  |
| Plan pays $350 per month for 60 months |  |  |  |
|  |  |  |  |

**Exhibit F** Cash on hand on the effective date of the Plan

Estimated at $15,000.00 after payment of administrative expenses.
Funds generated from rental income

**Exhibit G** Projections of Cash Flow and Earnings for Post-Confirmation Period

Attached

## EXHIBIT G - POST-CONFIRMATION CASH-FLOW PROJECTION (Months 1-24)

| Income | Source | | |
|---|---|---|---|
| $4,500 | Master's Domain Church of God, Inc. (211 Bay St.) | | |
| $400 | Daniel Bible Bookstore (211 Bay St.) | | |
| $2,500 | Banquet Hall Rentals (211 Bay St.) | | |
| $400 | Crown Life Church of God (519 Washington) | | |
| $2,000 | Cutmasters Haircare, Inc. (918 Orange) | | |
| $300 | Derrick's Car Masters (918 Orange) | | |
| $300 | Martial Arts Studio (211 Bay St.) | | |
| $10,400 | Total Income | | |
| | | | |
| Expenses | Source | | |
| $1,810 | Insurance (escrow) | | |
| $1,000 | Repairs/Maintenance | | |
| $300 | Accounting | | |
| $1,200 | Florida Power and Light | | |
| $4,422 | Pinnacle Bank | | |
| $150 | Ad Valorem - 918 Orange Ave (escrow) | | |
| $100 | Tangible Property Tax - 211 Bay St. (escrow) | | |
| $143 | Class 4 - Robert J. Schott | | |
| $46 | Class 6 - Volusia County | | |
| $28 | Class 8 - Volusia County | | |
| $54 | Class 10 - Volusia County | | |
| $350 | Class 11 - Unsecured Payments | | |
| | | | |
| $9,602 | Total Expenses | | |
| | | | |
| $798 | Net Operating Income | | |

## Exh G - Post-Confirmation Cash Flow Projection (Months 25-60)

| Income | Source | |
|---|---|---|
| $5,500 | Master's Domain Church of God, Inc. (211 Bay St.) | |
| $400 | Daniel Bible Bookstore | |
| $3,000 | Banquet Hall Rentals | |
| $400 | Crown Life Church of God (519 Washington) | |
| $2,000 | Cutmasters Haircare, Inc. (918 Orange) | |
| $300 | Derrick's Car Masters (918 Orange) | |
| $300 | Martial Arts Studio | |
| $11,900 | Total Income | |
| | | |
| Expenses | Source | |
| $1,810 | Insurance (escrow) | |
| $1,000 | Repairs/Maintenance | |
| $300 | Accounting | |
| $216 | Trustee Fees | |
| $1,200 | Florida Power and Light | |
| $6,333 | Pinnacle Bank | |
| $150 | Ad Valorem - 918 Orange Ave (escrow) | |
| $100 | Tangible Property Tax - 211 Bay St. (escrow) | |
| $143 | Class 4 - Robert J. Schott | |
| $46 | Class 6 - Volusia County | |
| $28 | Class 8 - Volusia County | |
| $54 | Class 10 - Volusia County | |
| $350 | Class 11 - Unsecured Payments | |
| | | |
| | | |
| $10,859 | Total Expenses | |
| | | |
| $1,041 | Net Operating Income | |